TLT-Babcock, Inc., Appellant, *v.*
Service Bolt & Nut Co. et al.,
Appellees.

(No. 1278—Decided April 18, 1984.)

Mr. *John W. Solomon* and *Mr.
David F. Raynor,* for appellant.

Mr. *Andrew P. Buckner,* for appellee Service Bolt & Nut Co.

Mr. *Joseph W. Gibson,* for appellee Hendershot & Smith, Inc.

Mr. *James F. Sweeney,* for appellee Brown Machine Co.

Mr. *John M. Cronquist* and *Mr.
Philip J. Weaver, Jr.,* for appellee Brown Machine Tool Repair Co.

George, J. This action was commenced by plaintiff-appellant, TLT-Babcock ("TLT"), asserting claims of negligence, breach of contract, breach of implied warranty, breach of express warranty, strict liability and indemnification. Defendant-appellee Service Bolt & Nut Company ("Service Bolt") manufactured the bolts used by TLT in its manufacture of industrial fans. TLT assembled the fans and sold them to Pennsylvania Electric Company ("Penelec") to be used in its Homer City generating plant. In November 1979, a failure occurred in one of the Penelec fans when a rotor lost six blades which resulted in extensive damage. TLT repaired the damage and sought reimbursement from Service Bolt under an express warranty clause.

TLT alleged that there were defects in the manufacturing which caused the heads to become separated from the rest of the bolt. TLT also filed a claim against defendants-appellees, Brown Machine Company and Hendershot & Smith, Inc., which were involved in the manufacturing process of the bolts. Both parties were dismissed prior to trial.

### Assignments of Error

"1. The trial court erred in granting defendant-appellee's motion for directed verdict as reasonable minds can come to differing conclusions as to whether defendant-appellee had an obligation to indemnify plaintiff-appellant for damages incurred as a result of a defect in bolts supplied by defendant-appellee.

"2. The trial court erred in granting defendant-appellee's motion for directed verdict as reasonable minds can come to differing conclusions as to whether defendant-appellee seller had breached an express warranty to plaintiff-appellant buyer."

TLT's assignments of error challenge the propriety of the trial court's order directing a verdict in favor of Service Bolt. Civ. R. 50(A) provides:

"(A) Motion for directed verdict.
"* * *

"(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one

conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

The standard to be used when a motion for a directed verdict is made has been set forth in *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215, at 220:

"* * * if all the evidence relating to an essential issue is sufficient to permit only a conclusion by reasonable minds against a party, after construing the evidence most favorably to that party, it is the duty of the trial court to instruct a finding or direct a verdict on that issue against that party. * * *"

In the instant case the trial court determined there was a failure of proof by TLT as to all of its claims. This court notes that the trial court must not consider the weight of the evidence or the credibility of the witnesses when ruling upon a motion for a directed verdict. *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282 [21 O.O.3d 177]. Therefore, the trial court must submit an issue to the jury if there is evidence which, if believed, would permit reasonable minds to come to different conclusions.

The question presently before this court is whether the trial court should have submitted the issues of warranty and indemnification to the jury. The record indicates that TLT presented witnesses who testified that it was their opinion that the damage was caused by a defective bolt. There was additional evidence to indicate that the bolts were manufactured and sold by Service Bolt.

The purchase order in the record contains an express warranty provision and an indemnification clause. By their terms, the provisions are sufficient to create a prima facie obligation on the part of Service Bolt to indemnify as alleged by TLT. The terms of the purchase order are sufficient to overcome the motion for a directed verdict on the theories of express warranty and indemnification.

R.C. 1302.27 and 1302.28 provide for the implied warranties upon which TLT is relying. These sections clearly provide that unless otherwise excluded, or modified, the sale includes the terms of the implied warranties. There is no indication from the record that these warranties were modified or excluded. This court finds that TLT established sufficient evidence to overcome a motion for directed verdict in support of the theory of implied warranty.

TLT also alleged Service Bolt was negligent in the manufacture of the bolts. TLT, however, has failed to present evidence to support this theory. There is not evidence that Service Bolt was negligent in either the design or construction of the bolts and that such negligence was the proximate cause of the damages.

Applying the appropriate standard regarding a ruling on the motion for a directed verdict, this court finds the trial court erred in granting the motion with respect to the theories of warranty and indemnification. The granting of the motion with regard to the theory of negligence was not in error since TLT failed to present evidence of Service Bolt's negligence. Accordingly, the assignments of error are well-taken in part. The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

BAIRD, P.J., and MAHONEY, J., concur.