## Nelson
### v.
## Frontier Power Co.
*[Cite as 3 AOA 120]*

*Case No. 89-CA-17*
*Coshocton County, (5th)*
*Decided May 21, 1990*

*Robert E. Weir, Frase, Weir, Baker and McCullough Co., 305 Main Street, Coshocton, OH 43812, for Plaintiffs-Appellants.*

*William R. Case, Thompson, Hine and Flory, 100 East Broad Street, Columbus, OH 43215, for Defendant-Appellee.*

HOFFMAN, P.J.

Plaintiffs-appellants are Virgil F. Nelson, et al. (appellant) and defendant-appellee is The Frontier Power Company. Appellant is owner of some 2 acres of real estate in Jackson Township of Coshocton County. On June 29, 1980, appellant and Frontier entered into and executed a "right-of-way" easement which reads in pertinent part:

"To enter upon the lands . . . and to construct, reconstruct, repair, operate, and maintain on the above described land and/or in or upon all streets, roads, highways abutting said lands, and electric transmission and/or distribution line or system, to cut, spray, and trim trees shrubbery to the extent necessary to keep them clear of said electric line or system and to cut, trim or spray shrubbery all dead, weak, leaning or dangerous trees that are tall enough to strike the wires in falling." (Appendix B to appellant's brief).

The facts adduced herein demonstrate that Frontier's line superintendent, Dorren Miller, visited the Nelson property in the fall of 1986 to advise of Frontier's desire to make a line change on the property and feed the Nelsons' service from another direction. (Tr. 44). The reason it was necessary to reroute the line was for better efficiency of operations and service (Tr. 63). Mr. Nelson acknowledged this meeting, and the fact that Miller may have discussed the proposed path for the new line (Tr. 46, 47). Mr. Nelson admitted he raised no objection to building of this line (Tr. 47).

While asserting that he did not give specific permission to remove trees to Miller, Mr. Nelson nonetheless admitted his awareness that when a power line is built, trees in the path must be cut down. (Tr. 56-57).

In late January, 1987, Frontier's employees entered the Nelsons' property to install a new line to serve the Nelsons' premises as well as other adjacent property owners. (Tr. 22). In so doing, it was necessary to clear certain trees from the path for the line (Tr. 23). The Nelsons subsequently objected to the work performed by Frontier, and particularly the removal of trees (Tr. 84).

On August 27, 1987, Appellants initiated this action with the filing of a complaint in the Court of Common Pleas of Coshocton County seeking damages from four causes of action, namely, (1) negligence, (2) trespass, (3) conversion and (4) compensation for a right-of-way easement.

On or about May 30, 1989, Appellee filed a Motion for Leave to File Instanter its Motion for Summary Judgment. Appellants consented to Leave of Court. On or about May 31, 1989 appellee filed its Motion for Summary Judgment and a non-oral hearing was scheduled for June 26, 1989. Appellee's Motion for Summary Judgment

consisted of arguing that the Right-of-Way Easement, authorized it to enter a certain parcel of real estate owned by appellant and install a "tie-in line" in February, 1987. By a judgment entry, dated July 3, 1989, the trial court denied appellee's Motion for Summary Judgment.

On August 11, 1989, appellant filed a Motion for Leave to Amend Complaint, seeking to add an additional cause of action for a violation of O.R.C. §901.51. On August 15, 1989, seven days before trial, appellant filed an amended complaint, which did not add an additional cause of action, but only increased the amount of the prayer.

On August 22, 1989, the Common Pleas Court denied, in open court, appellant's Motion for Leave to Amend Complaint filed August 11, 1989. The court also denied appellants' motion to continue. The matter proceeded to trial. Following appellants' case, which by agreement only included evidence on the issue of liability, appellee moved the court for a directed verdict on the issue of liability. The court, after hearing arguments of counsel, orally granted appellee's motion for a directed verdict, which was reduced to a judgment entry and is the order appealed from in the instant case. Appendix "D" to Nelson's brief and attached to this court's memorandum-opinion.

Appellant raises the following two assignments of error:

*"ASSIGNMENT OF ERROR NO. I.*
"THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION FOR A DIRECTED VERDICT PURSUANT TO OHIO CIVIL RULE OF PROCEDURE 50 ON THE ISSUE OF LIABILITY AT THE CLOSE OF APPELLANTS' CASE."

*"ASSIGNMENT OF ERROR NO. II.*
"THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANTS' MOTION TO AMEND COMPLAINT BEFORE THE TRIAL."

We discuss appellant's assigned errors in reverse order.

## II.

Appellant's second assignment of error is not well taken. No error arose in the trial court's well-reasoned decision to deny the amendment because appellant could not recover both punitive damages and statutory treble damages, i.e. a double recovery which this court has proscribed in a similar situation. *Kilgore v. Schindler,* (7/24/89), Richland App. No. CA-2665, unreport-

ed. In the case *sub judice*, Nelson had sought punitive damages for some two years since the filing of the lawsuit until trial. Only one week before trial did appellant opt to add the statutory cause of action contained in R.C. 901.51. The court articulated its reasoning along these lines as follows:

"THE COURT: The matter will be decided, then, as whether or not the court will grant leave to amend the complaint in the manner as suggested in the motion. Civil Rule 15 states that a party may amend the pleading at this late date, which is after trial has been scheduled only by leave of court or with written consent of the other party. Consent apparently is not forthcoming. The rule further provides that leave shall be freely given where justice requires. In this instance, I am not convinced that justice does require the granting of the motion to amend the complaint; we are talking about a statute that has been on the books for untold years; we are talking about a complaint that has been pending since August of 1987, almost two years ago. To permit an amendment to change the entire theory of the case, which was not raised until 11 days before trial, is something that, in my opinion, justice does not require. therefore, the motion to amend the -- for leave to amend the complaint to add the statutory grounds is denied." (T., pp. 9-10, filed Nov. 20, 1989).

For the reasons stated by the trial court, appellant's second assignment of error is overruled.

## I.

The trial court's decision to grant the directed verdict in favor of Frontier was appropriate and supported by the unambiguous language of the easement and the evidence adduced relevant to the easement. Appellant failed to present sufficient evidence of a probative nature that the "tie-in line" at issue was not the kind of distribution line contemplated by the easement. See *Calvert v. Buckeye Rural Electric Co-operative, Jackson* (March 28, 1988), Jackson App. Case No. 566, unreported. The trial court determined that reasonable fact finders could come to only one conclusion, that being that the easement clearly provided appellee company the right to enter Nelson's property to install the tie-in line. At trial the court stated:

"Secondly,, the fact that the words tie-in line do not appear in the easement is, in my opinion, of no legal consequence. There is unrebutted evidence that a tie-in line, as it's been used in this case, is a part of a distribution line or sys-

tem. Perhaps, those are the key words in the entire easement, at least with respect to this particular case. *To hold that the easement does not authorize the installation of a tie-in line simply because the easement does not ever use the magic words tie-in line would be, in my opinion, an unreasonable interpretation of the reasonable meaning of that instrument.*

"In so holding, I recognized that there was a previous ruling on this matter under very similar circumstances under Civil Rule 56, and, to the extent that these two holdings are inconsistent, I would find the current holding to be the more correct application of the applicable law." (T 112) (Emph added).

As stated in *TLT Babcock v. Service Bolt* (1984), 16 Ohio App. 3d 142, at 143:

"The standard to be used when a motion for a directed verdict is made has been set forth in *O'Day v. Webb* (1972), 29 Ohio St.2d 215, at 220:

"* * * if all the evidence relating to an essential issue is sufficient to permit only a conclusion by reasonable minds against a party, after construing the evidence most favorably to that party, it is the duty of the trial court to instruct a finding or direct a verdict on that issue against that party. * * *"

The trial court followed the above test in the case *sub judice*. Also see *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282.

Appellant also claims that the trial court erred because by granting the directed verdict, the trial court "reversed" its earlier ruling denying summary judgment. As pointed out in *Maxey v. Lenigar* (1984), 14 Ohio App.3d 458, the denial of summary judgment is not fatal to a subsequent grant of directed verdict.

Appellant's first assignment of error is overruled.

Having overruled both of appellant's assignments of error, the judgment of the Court of Common Pleas of Coshocton County is affirmed.

*Judgment affirmed.*

SMART, J., dissents.
GWIN, J., concurs.

SMART, J., dissenting.
I dissent. I would sustain the first assignment of error.

I do not agree with the trial court, and the majority's, finding that reasonable fact finders could only conclude that the easement permitted that the appellee-Company to install the tie-in line, particularly in the manner in which they did it. There can be an unreasonable extension of an existing distribution system. There can be an unreasonable placement of an otherwise appropriate and necessary distribution system.

The holder of an easement is entitled to a use that is reasonably necessary and consistent with the purposes for which the easement was granted, and must impose the least possible burden upon the property, Thompson on Real Property, *Easements* §426. The holder of the fee may do anything not inconsistent with the enjoyment of the easement, *Langhorst v. Riethmiller* (1977), 52 Ohio App.2d 137. The holder of an easement may use it for any normal use which is not forbidden by law or unreasonably interfering with the rights of the landowner. *Thompson, supra*, §427.

In *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, our Supreme Court reviewed three easements that permitted the pipeline company to lay pipe on the landowner's property. The language of the easement stated:

"The right of way to lay, maintain, operate and remove a pipeline for the transportation . . . and at any time lay an addition line of pipe . . . upon the payment of a like consideration, and subject to the same conditions."

The easement went on to state that addition pipe must be laid substantially parallel to the original pipe. *Alexander*, at 242.

The Supreme Court found that these easements were written in such a way as to discourage the pipeline company for over-burdening the land, because the company was required to pay the landowner for damages to the property arising out of the use of the easements. *Id.* at 246.

The easement in the case at bar does not do so, and presumably appellee-Power Company feels it can crisscross appellant's property at will, destroying all vegetation in its path. I oppose construing easements such as this one, frequently obtained at minimal costs, in such a way as to permit the holder to wreck whatever sort of havoc it suits his business sense to do.

I find most obnoxious the fact that the appellee-Company did not even consider any other path for this transmission line, but cut a broad swath across the hapless landowners' front yard. Their testimony was clear that the rural wooded vista was of primary consideration to them; that vista is now destroyed.

The trial court should have permitted the jury to determine whether the company's actions

in extending this distribution line, particularly in the location in which it did so, was reasonable and calculated to be as minimally burdensome to the property as practical. I think equity demands no less.