BRUGGEMAN et al., Appellants,

v.

FISHBAUGH et al., Appellees;  Verdier.*

[Cite as *Bruggeman v. Fishbaugh* (1994), 96 Ohio App.3d 200.]

Court of Appeals of Ohio,
Shelby County.

No. 17–94–4.

Decided July 21, 1994.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1994), 71 Ohio St.3d 1429, 642 N.E.2d 637.

*Weisbrod & Lopez Co., L.P.A.*, and *Jose M. Lopez; W. Lynn Swinger*, for appellants.

*Jack Neuenschwander*, for appellees.

EVANS, Judge.

This is an appeal by the plaintiffs, James M. Bruggeman II et al., from a judgment of the Court of Common Pleas of Shelby County overruling their motion for judgment notwithstanding the verdict or, in the alternative, a new trial.[1]

On June 2, 1991, fourteen-year-old James Bruggeman II, and his friend, John Davis, were walking to a wooded area near their homes in order to search for a treasure they had previously hidden and to allow John's dog to run loose. The boys crossed Russell Road and entered upon property owned by David and Joyce Fishbaugh, appellees. Although the boys were on appellees' property, they were still walking within the Russell Road right of way. As they continued walking north towards the woods, appellees' dog came across the yard toward the boys. Upon seeing the approaching dog, James, who had previously been chased by the dog, became frightened and fled back towards Russell Road. James started to cross the road, but as he did so, he ran into the side of Dorothy Verdier's car and suffered severe injuries.

A complaint was filed against appellees and Dorothy Verdier on January 10, 1992, alleging that appellees had failed to properly restrain their dog and were liable for the injuries James suffered. Appellees responded in part by asserting the affirmative defense found in R.C. 955.28(B),[2] that James was trespassing or

---

1. The defendants filed a cross-appeal asserting one assignment of error. However, considering our affirmance of the trial court's judgment, the defendants' cross-appeal is rendered moot and we find it unnecessary to address the issue it raises.

2. R.C. 955.28(B) reads:
   "The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to

attempting to commit a trespass on their property at the time their dog approached him. Dorothy Verdier was dismissed from the case pursuant to a motion for summary judgment.

The case proceeded to a jury trial on the issue of liability. After all the evidence was presented, the trial court granted appellants' motion for a directed verdict that James, because he was legally walking within a public right of way, was not trespassing at the time of the accident. The trial court refused to direct a verdict on the issue of the attempted trespass. The case was submitted to the jury, which entered a general verdict in appellees' favor. The interrogatories answered by the jury indicate appellees' dog was the proximate cause of the injury, and that James was attempting to commit a trespass on appellees' property, beyond the right of way, at the time he was approached by appellees' dog. Based upon the jury verdict and interrogatories the court entered judgment in appellees' favor. Thereafter, appellants filed a motion for judgment notwithstanding the verdict or in the alternative a new trial. The trial court overruled the motion.

From this judgment appellants appeal, asserting the following assignments of error:

"The finding that appellant committed an attempted trespass is against the manifest weight of the evidence.

"The trial court erred in failing to grant appellants' motion for a directed verdict.

"The trial court erred in failing to grant appellants' motion for judgment notwithstanding the verdict or in the alternative motion for new trial."

▆▆▆ In all three assignments of error appellants contend the evidence demonstrated that James was not trespassing or attempting to trespass when he was approached by appellees' dog. A motion for directed verdict is to be granted when the trial court finds, after construing the evidence most strongly in favor of the party against whom the motion was made, that reasonable minds could reach only one conclusion and that conclusion is adverse to the party opposing the motion. Civ.R. 50(A)(4); *The Limited Stores, Inc. v. Pan Am. World Airways, Inc.* (1992), 65 Ohio St.3d 66, 73, 600 N.E.2d 1027, 1033. The trial court must submit an issue to the jury if there is evidence which, if believed, would permit reasonable minds to come to different conclusions. *TLT–Babcock, Inc. v. Serv. Bolt & Nut Co.* (1984), 16 Ohio App.3d 142, 16 OBR 149, 474 N.E.2d 1223.

---

commit a trespass or other criminal offense on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property."

Further, the standard of review for a ruling on a motion for judgment n.o.v. is the same one applicable to a motion for a directed verdict. *Hinkle v. Cornwell Quality Tool Co.* (1987), 40 Ohio App.3d 162, 165, 532 N.E.2d 772 (citing *Posin v. A.B.C. Motor Court Hotel* [1976], 45 Ohio St.2d 271, 74 O.O.2d 427, 344 N.E.2d 334).

█ Appellants contended in their brief and at oral argument that the affirmative defense contained in R.C. 955.28(B) is applicable only if there is a criminal trespass or attempted criminal trespass. Appellants then argue no attempt at criminal trespassing by James was proven. This court has previously addressed this issue and held that both civil and criminal trespass are valid defenses established by R.C. 955.28(B). See *Burden v. Dunlap* (June 8, 1994), Allen App. No. 1–94–14, unreported, 1994 WL 247055.

█ It is clear from the evidence that James and his friend John were within the right of way of Russell Road at the time they were approached by appellees' dog. In order to get to the woods the boys had to trespass on either appellees' property or the property immediately west of appellees' property. Thus, the crucial issue for the jury's determination was on which side of appellees' property line were the boys going to walk. If the boys were going to walk on the west side of the property line they would not be trespassing on appellees' property and the affirmative defense of R.C. 955.28(B) would be inapplicable. If they were attempting to trespass on appellees' property then appellees would not be liable for James' injuries.

While the evidence was clear that the boys were walking in a straight line, there was conflicting testimony with respect to the boys' position after they crossed the road. For example, Crystal Douglas testified the boys were on the west side of the property line when she observed them. Also, John Davis testified he and James were going to walk on the west side of the fence marking the boundary. In contrast, Mrs. Verdier testified the boys were located where some flowers were subsequently planted and indicated the location for the jury on exhibit ten. The location indicated by Mrs. Verdier shows the boys were on the east side of the property line and heading in a direction which would lead them onto appellees' property. From this evidence the jury could find that the boys intended to trespass on appellees' property and were, by their continuing in a straight northerly direction, taking substantial steps to carry out their intended purpose.[3]

---

3. We also note that the jury, unlike a court reviewing a trial transcript, had the opportunity to actually see the witnesses utilize the photographic exhibits to indicate the precise location of the boys.

We find that reasonable minds could reach different conclusions and the trial court, therefore, did not err by refusing to grant a directed verdict, a motion for judgment n.o.v., or a new trial. Further, the jury verdict and interrogatories were supported by competent, credible evidence going to all the essential elements of the case. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

The assignments of error are overruled.

Having found no error prejudicial to the appellants herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.