OPINION
This appeal is brought by Plaintiff-Appellant, Golden Giant, Inc., dba, Golden Giant Building Systems, from the decisions rendered by the Court of Common Pleas of Hardin County overruling Appellant's motions for a directed verdict and judgment notwithstanding the verdict following a jury trial on a breach of contract claim. Finding merit to Appellant's arguments, we reverse the trial court.
The record demonstrates that in May 1998, Defendant-Appellee, Steven Rinehart, who is in the business of renting storage space, contracted with Appellant to construct a mini storage warehouse facility in Chillicothe, Ohio, for the price of $68,000. A subsequent addendum modified the contract price to $68,250. The contract included a provision that Appellant was to "complete concrete footer with [a four inch] concrete floor — reinforced, cut, sealed."
As the general contractor, Appellant subsequently executed an agreement with subcontractor, Larry Crapnell, to perform the masonry work on the storage facility for a price of $14,000. Specifically, Crapnell was to construct the concrete floor in the unit after Rinehart properly prepared the site.
Construction began sometime in June 1998. During the construction of the building, Rinehart noticed that there appeared to be a problem with the concrete floor. As a result, Rinehart arranged to have approximately twelve "core samples" of the floor examined in order to determine its uniform thickness. Rinehart also requested the Chief Building Official for the Ross County Building Department to inspect the floor. The engineer's examination of the "core samples" and of the floor itself led to an adjudication that prevented Rinehart from obtaining a final occupancy permit for the building because the thickness of the floor, which, in the engineer's opinion, ranged from two to three-and-one-half inches thick, did not comply with the provisions set forth in the Ohio Building Code, and deviated from the plans originally submitted for approval.
By this time, construction of the building was finished except for installation of the doors and completion of the driveway. Since commencement of the project, Rinehart had paid Appellant $42,000. Rinehart withheld final payment and ordered any further construction halted until the problem with the floor was rectified.
In the meantime, Appellant filed an application for a variance with the appropriate Ross County authority. Rinehart, however, withdrew the application and asked for time to seek the advice of counsel on the matter; he never refiled a variance request thereafter.
These events prompted Appellant to file a complaint for breach of contract against Rinehart in December 1998. The complaint included a prayer for relief in the amount of $20,763.84 — the amount due on the original contract price minus the cost of installing the doors. Rinehart answered the complaint, denying all material allegations, and asserting a counterclaim against Appellant. Rinehart's counterclaim specifically alleged that Appellant breached the contract and failed to perform in a workmanlike manner, causing him to incur damages in excess of $25,000. Rinehart's counterclaim then caused Appellant to file a third-party complaint against Larry Crapnell for indemnification in the event that Rinehart's case was successful.
The case eventually proceeded to a jury trial, which began on May 2, 2000. After the close of Rinehart's case, Appellant made a motion for a directed verdict on Rinehart's counterclaim and on its own third party complaint against Crapnell. The court overruled the motion, and the jury ultimately returned a verdict in favor of Appellant in the amount of $20,250, and a verdict in favor of Rinehart for the same amount. In addition, the jury found in favor of Larry Crapnell on Appellant's indemnification claim.
On May 10, 2000, Appellant filed a motion for judgment notwithstanding the verdict. The trial court overruled the motion by way of judgment entry dated June 16, 2000. This appeal followed.
 Assignment of Error I
The trial court erred in failing to grant Plaintiff's Motion for a Directed Verdict at the close of all evidence as against Defendant Rinehart upon his counterclaim.
We first note the proper standard of review to which this Court must adhere in addressing a motion for directed verdict. "A motion for directed verdict is to be granted when the trial court finds, after construing the evidence most strongly in favor of the party against whom the motion was made, that reasonable minds could reach only one conclusion and that conclusion is adverse to the party opposing the motion." Bruggeman v. Fishbaugh (1994), 96 Ohio App.3d 200, 202. See, also, Civ.R. 50(A)(5); The Limited Stores, Inc. v. Pan Am. WorldAirways, Inc. (1992), 65 Ohio St.3d 66, 73. That is, an issue must be submitted to the jury when the evidence presented, if believed, would allow reasonable minds to reach different conclusions. Bruggeman,96 Ohio App.3d at 202.
Generally, to be successful on a claim for breach of contract, the plaintiff must present evidence on a variety of elements. These elements include "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." Doner v.Snapp (1994), 98 Ohio App.3d 597, 600, citing 2 Ohio Jury Instructions (1993), Section 253.01, at 111-112. It logically follows then that if damages are an essential element of a breach of contract case, a motion for directed verdict is properly granted if the plaintiff has failed to provide such evidence.
The usual measure of damages for the breach of a construction contract is the reasonable cost of reconstruction. Ohio Vally Bank v. Copley
(1997), 121 Ohio App.3d 197, 210, citing 5 Corbin on Contracts (1964), Section 1089. "However, if reconstruction and completion will involve unreasonable economic waste, damages are measured by the difference between the market value that the structure contracted for would have had and that of the imperfect structure received by the plaintiff." OhioValley Bank, 121 Ohio App.3d at 210, citing 5 Corbin on Contracts (1964), Section 1090.
In this case, the evidence is clear that the storage unit could only be repaired by tearing the existing building down and performing a total reconstruction. Thus, as the above cited case law indicates, the proper measure of damages is the difference between the market value of the building had the contract not been breached, and the market value of the structure as it currently exists. The evidence presented on Rinehart's counterclaim does not satisfy this burden on the issue of damages. Indeed, the only testimony regarding damages came from Mr. Rinehart, who stated that he felt the existing building has a present value of negative $80,000. There is no evidence whatsoever with respect to the market value of the building had the contract been satisfactorily performed. We note that while it has no bearing on our decision, this lack of evidence appears to be even further demonstrated by the jury interrogatories. When specifically asked the market value of the structure now and the market value of the structure without the breach, the jury indicated that those figures were unknown.
Therefore, due to a lack of evidence on the essential element of damages, we conclude that reasonable minds could only find in favor of Appellant on Rinehart's counterclaim. Accordingly, Appellant's first assignment of error is sustained.
 Assignment of Error II
The trial court erred in denying Plaintiff's Motion for a Directed Verdict at the close of all evidence against Third Party Defendant Crapnell on Plaintiff's Third Party Complaint.
Appellant's complaint against Larry Crapnell alleged indemnification in the event that Rinehart was successful on his counterclaim. Since we have already found that the trial court should have directed a verdict in favor of Appellant on Rinehart's counterclaim, this assignment of error has been rendered moot.
 Assignment of Error III
The trial court erred in failing to grant Plaintiff's Motion for Judgment Notwithstanding the Verdict upon Defendant Rinehart's counterclaim, or, in the alternative, against Third Party Defendant Crapnell.
In light of our previous discussion regarding the trial court's refusal to grant Appellant's motion for directed verdict, any argument with respect to the court's failure to grant a motion for judgment notwithstanding the verdict has likewise been rendered moot.
 Assignment of Error IV
The trial court erred, as a matter of law, by not requiring the jury to resolve all inconsistencies between the jury's general verdict and the jury's answers to specific interrogatories, by not entering a judgment pursuant to Rule 49 in accordance with the answers, by not returning the cause to the jury for further consideration of its answers and verdict, or by failing to order a new trial.
Because we have already concluded that the issue of Rinehart's counterclaim should not have been submitted to the jury, Appellant's final assignment of error, which asserts that the verdict on the counterclaim was inconsistent with the accompanying interrogatory answers, has been rendered moot.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court, with respect to the refusal to direct a verdict in favor of Appellant on Rinehart's counterclaim, is hereby reversed.
Judgment reversed.
 HADLEY and BRYANT, JJ., concur.