JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Haamid Javaid ("Javaid"), appeals the jury verdict in favor of defendant-appellee, Richard Pontious ("Pontious"). Finding merit to the appeal, we reverse and remand.
 {¶ 2} In 2003, Javaid filed an action against Pontious alleging that Pontious negligently operated his vehicle and rear-ended Javaid's vehicle. The matter proceeded before a jury, where the relevant facts are not in dispute. As Javaid waited at a red light on a snowy evening, Pontious rear-ended his car. The collision knocked off Javaid's glasses from his face. Pontious came up to Javaid's window and noticed that he was shaken up and disoriented. Nevertheless, Pontious asked Javaid to step out of his car to inspect the damage. As Javaid attempted to exit his car, he fell, suffering injuries.
 {¶ 3} At the close of evidence, Javaid moved for a directed verdict on the issue of negligence. The trial court denied the motion and proceeded to instruct the jury on negligence per se, proximate cause, and comparative negligence. Javaid objected to the instruction on comparative negligence. The jury returned a verdict for Pontious, finding Javaid ninety-five percent negligent. The trial court denied Javaid's subsequent motion for judgment notwithstanding the verdict, or in the alternative, motion for a new trial.
 {¶ 4} Javaid appeals the jury verdict, raising three assignments of error. Finding the second assignment of error dispositive, we will address it first.
 Motion for Directed Verdict {¶ 5} In his second assignment of error, Javaid argues that the court erred in not directing a verdict in his favor because the injuries that he sustained occurred during an unbroken chain of events put into motion by Pontious' negligence. Javaid also argues that, because the trial court considered the accident and subsequent fall as part of one continuum, Javaid's injuries occurred during an unbroken chain of events for which Pontious is liable.
 {¶ 6} Civ. R. 50(A)(4) sets forth the standard for granting a motion for a directed verdict:
 "When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 7} The trial court must, however, submit an issue to the jury if there is evidence that, if believed, would permit reasonable minds to come to different conclusions. TLT-Babcock, Inc. v. Service Bolt NutCo. (1984), 16 Ohio App.3d 142, 474 N.E.2d 1223.
 {¶ 8} In deciding a motion for a directed verdict, the trial court must construe the evidence most strongly in favor of the nonmoving party. Nickell v. Gonzalez (1985), 17 Ohio St.3d 136, 477 N.E.2d 1145. Also, where substantial evidence supports the nonmoving party's position, upon which reasonable minds may reach different conclusions, the trial court must deny the motion. Id.
 {¶ 9} In the instant case, no evidence was presented demonstrating that Javaid acted negligently when he attempted to exit his vehicle to assess the damage from the accident. Javaid merely stepped out of his vehicle and fell to the ground. Slipping and falling, by itself, is not negligent. The trial court judge instructed the jury that the accident and fall were part of one continuum, and that Pontious was negligent for "entreating" Javaid out of his vehicle. Also, Javaid had no notice that walking outside of his car was unsafe, as he had just seen Pontious approach his car window without incident. Furthermore, Javaid fell after taking one step, so he could not have been put on notice that he should retreat to his car because the road was icy. Accordingly, we find that Javaid could not be found negligent for exiting his car under these circumstances.
 {¶ 10} Without any evidence that Javaid acted negligently, reasonable minds could reach only one conclusion: Pontious' negligence was the sole cause of Javaid's injuries, which occurred during the unbroken chain of events that Pontious' negligence set in motion. Therefore, the trial court erred by denying Javaid's motion for directed verdict. Moreover, because we find that Javaid did not act negligently, any instruction given to the jury regarding comparative negligence was improper.
 {¶ 11} Accordingly, the second assignment of error is sustained. The other assignments of error raised by Javaid, challenging the jury instructions and the jury verdict, are thus rendered moot.
 {¶ 12} Judgment is reversed and case is remanded for a new trial on damages.
It is, therefore, ordered that appellant recover of appellee the costs herein.
 {¶ 13} The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J. CONCURS; MICHAEL J. CORRIGAN, J.*
DISSENTS (see separate opinion)
* Sitting by Assignment, Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.