JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Plaintiff-appellant, Jason Devine ("Devine"), appeals the trial court's granting of directed verdict in favor of defendants-appellees, Calanni Enterprises, Inc., and Charles Calanni, individually (collectively referred to as "defendants"). Devine also appeals the trial court's denial of his motion for judgment notwithstanding the verdict and for a new trial. Finding no merit to the appeal, we affirm.
 {¶ 2} In April 2006, Devine filed an action against the defendants alleging that the defendants collected thousands of dollars from him to repair his 2001 Dodge Ram ("the truck"), but never completed the repairs. Counts one through five of the complaint alleged violations of the Ohio Consumer Sales Practices Act ("CSPA") for deceptive and unconscionable practices regarding the repairs to the truck and count six alleged breach of contract regarding the repairs to the truck. The defendants filed a counterclaim against Devine alleging breach of contract for storage and repair charges totaling $8,248.88.
 {¶ 3} The matter proceeded to a jury trial in July 2007. At the close of Devine's case-in-chief, the defendants moved for a directed verdict on counts one through five of the complaint alleging violations of the CSPA. The defendants argued that Devine's transaction was not a "consumer transaction" under the CSPA because the truck was used as a business vehicle. The trial court granted *Page 3 
the defendants' motion, finding that reasonable minds could not come to any different conclusion other than adverse to Devine on the issue of the truck being used mainly for personal purposes. The trial then proceeded on Devine's breach of contract claim and the defendants' counterclaim. The jury returned a verdict in favor of Devine on his breach of contract claim in the amount of $11,726.10 and against the defendants on their counterclaim.
 {¶ 4} In August 2007, Devine and the defendants each moved for judgment notwithstanding the verdict and for a new trial. The trial court denied Devine's motion, and Devine appealed to this court. We dismissed the appeal, sua sponte, in November 2007 for lack of final appealable order because the defendants' motion for judgment notwithstanding the verdict or for a new trial remained pending at the trial court. On remand, the trial court denied the defendants' motion for judgment notwithstanding the verdict or for a new trial.
 {¶ 5} Devine appeals again, raising two assignments of error for our review. In the first assignment of error, he argues that the trial court abused its discretion in granting a directed verdict in favor of the defendants on the issue of whether the truck was primarily used for personal purposes. In the second assignment of error, he argues that the trial court abused its discretion in denying his motion for judgment notwithstanding the verdict or for a new trial. *Page 4 
We will discuss these assignments of error together as they involve the same evidence and standard of review.
 Standard of Review {¶ 6} Initially, we note that Devine has misstated the standard of review which applies to a motion for directed verdict and a motion for judgment notwithstanding the verdict. Devine claims that appellate courts use an abuse of discretion standard when reviewing a motion for directed verdict or for judgment notwithstanding the verdict. However, our review of the grant or denial of a motion for directed verdict or a motion for judgment notwithstanding the verdict is de novo. See Grau v.Kleinschmidt (1987), 31 Ohio St.3d 84, 90, 509 N.E.2d 399; Kanjuka v.MetroHealth Med. Ctr., 151 Ohio App.3d 183, 2002-Ohio-6803,783 N.E.2d 920.
 Directed Verdict and Judgment Notwithstanding theVerdict {¶ 7} Civ. R. 50 sets forth the standards for granting a motion for a directed verdict and a motion for judgment notwithstanding the verdict:
 "When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." Civ. R. 50(A)(4).
 "Whether or not a motion to direct a verdict has been made or overruled * * * a party may move to have the verdict and any judgment entered *Page 5 
thereon set aside and to have judgment entered in accordance with his motion; or if a verdict was not returned, such party, * * * may move for judgment in accordance with his motion. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative." Civ. R. 50(B).
 {¶ 8} In deciding a motion for a directed verdict or a motion for judgment notwithstanding the verdict, the trial court must construe the evidence most strongly in favor of the nonmoving party. Nickell v.Gonzalez (1985), 17 Ohio St.3d 136, 477 N.E.2d 1145. Thus, the trial court must submit an issue to the jury if there is evidence that, if believed, would permit reasonable minds to come to different conclusions. TLT-Babcock, Inc. v. Service Bolt Nut Co. (1984),16 Ohio App.3d 142, 474 N.E.2d 1223.[1]
 Ohio Consumer Sales Practices Act *Page 6 {¶ 9} Devine argues that the crux of his appeal stems from the trial court's directed verdict finding that the truck was not used primarily for personal purposes as required by the CSPA. He claims that there was substantial evidence supporting his contention that the truck was used primarily for personal, family, or household purposes. We disagree.
 {¶ 10} The Ohio CSPA, R.C. 1345.01 et seq., provides a remedy for individuals who fall prey to deceptive practices and unconscionable acts in connection with a consumer transaction. Kraft v. Herold Salads,Inc. (Nov. 13, 1986), Cuyahoga App. No. 51265. A consumer transaction is defined as "a sale, lease, assignment, * * * [or] service, * * * to an individual for purposes that are primarily personal, family, or household * * *." R.C. 1345.01(A).
 {¶ 11} We note that to qualify as a consumer transaction, R.C. 1345.01(A) requires that the sale or service must be for personal, family, or household purposes.
 {¶ 12} In the instant case, Devine testified that the truck was his "toy." He used it for shopping, the movies, dinner, driving around town, and for a trip to Windsor. He also testified that he owns a courier and delivery business, Icon Expedited Distribution ("Icon Expedited"), and that he used his Chevy S-10 truck as his primary business vehicle. He stated that he would occasionally use the Dodge truck for business purposes. If he drove 30 days in a month, he would use the Dodge truck no more than four to five times during that time. *Page 7 
 {¶ 13} However, more importantly, Devine admitted that he used the Dodge truck for his business when his Chevy S-10 was unavailable from October 2003 to January 2004. Furthermore, he took both vehicles for service with Calanni Auto Service, Inc. ("Calanni"), at least 16 times in a 14-month period and paid for the repairs with checks indicating "Icon Expedited Work" on the memo line. Devine also testified that he deducted the Dodge truck as a "work vehicle" under the name Icon Expedited on his 2003 tax return and had a commercial license plate on the Dodge truck.
 {¶ 14} Other than Devine's self-serving testimony that the truck was his "toy," we find that there is no evidence in the record to support his contention that the truck was used primarily for personal, family, or household purposes. Thus, reasonable minds could reach only one conclusion: the Dodge truck was not used primarily for personal purposes as required by law to bring a CSPA claim. Therefore, we find that the trial court's granting of defendants' directed verdict on the CSPA claim (counts one through five of Devine's complaint) and the denial of Devine's motion for judgment notwithstanding the verdict was proper.
 {¶ 15} Accordingly, the first and second assignments of error are overruled.
Judgment is affirmed.
 It is ordered that appellees recover of appellant costs herein taxed. *Page 8 
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and MARY J. BOYLE, J., CONCUR
[1] A motion for judgment notwithstanding the verdict may be evaluated on all evidence presented at trial, while a motion for a directed verdict may be evaluated only on the evidence presented during the plaintiff's case-in-chief. Chemical Bank of New York v. Neman (1990),52 Ohio St.3d 204, 206-207, 556 N.E.2d 490. *Page 1