THE STATE, EX REL. THE HALL CHINA CO., *v.* INDUSTRIAL COMMISSION OF OHIO.*

---

*Judgment affirmed, 176 Ohio St., 349.

(No. 6353—Decided May 15, 1962.)

*Messrs. Squire, Sanders & Dempsey, Mr. William C. Hartman, Mr. Robert H. Gillespy, Mr. Donald W. Wiper, Jr., Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Russell P. Herrold, Jr.,* for relator.

*Mr. Mark McElroy,* attorney general, *Mr. William G. Carpenter, Mrs. Mary Spivey Durham* and *Mr. Alvin C. Vinopal,* for respondent.

DUFFY, J. An employee of the relator filed a claim for the payment of compensation with the state of Ohio Bureau of Workmen's Compensation, contending that he was totally disabled by reason of silicosis, having worked in potteries for 55 years. The claim was denied by the Administrator of the Bureau of Workmen's Compensation, and his decision was affirmed by the Canton Regional Board of Review, but upon claimant's appeal to the Industrial Commission the orders of the administrator and of the Canton Regional Board of Review were vacated and the claim for compensation, because of total disability due to silicosis, was allowed.

The employer brings this action in mandamus, alleging that the order of the Industrial Commission was unreasonable, arbitrary, unlawful and constituted a gross abuse of discretion in that the order was made without any evidence that claimant

had sustained an injurious exposure to silicon dioxide since October 12, 1945, or without any evidence that claimant had sustained an injurious exposure to silicon dioxide during the eight years prior to his becoming totally disabled, as required by Section 4123.68 (W), Ohio Revised Code. The petition for mandamus alleges that the order of the Industrial Commission was a final order; that the law does not permit an appeal from that order; that as a result of an erroneous order of the Industrial Commission, the claim has been charged to their rating experience and, as a result of the charge, their premium payable to the State Insurance Fund will be increased by an amount not less than $9,715 during the five-year period commencing July 1, 1959.

The relator states that evidence considered by the Industrial Commission indicates that dust counts taken at its plant have shown that the air which the employees would breathe contained a minimal amount of free silica and, under tests devised by the United States Health Service, the Industrial Hygiene Foundation, and the Industrial Commission's Division of Safety and Hygiene, there was not an injurious exposure to silicon dioxide; but, in spite of the evidence that the claimant's exposure at its plant had not been injurious to him, the Industrial Commission allowed the claim of the employee.

The employer cites the case of *State, ex rel. Marion Power Shovel Co.,* v. *Industrial Commission,* 153 Ohio St., 451, to show that the Supreme Court of Ohio has recognized the requirement of an injurious exposure as a prerequisite to an allowance of a compensation claim.

The employer did present evidence indicating that it was well below the recommended standard of maximum allowable dust concentration set by the Industrial Commission in its bulletin No. 203, entitled "Specific Requirements and General Safety Standards of the Industrial Commission of Ohio for Workshops and Factories," and it feels that, having complied with all rules and regulations and having kept a clean plant and having tried to provide for the care and safety of its employees, it should not be penalized by the commission's finding that the exposure had by its employee was an injurious exposure.

There is little doubt that the employer's record does indi-

cate that since 1935 it has been considerate of the employees' health and has operated well within the safety standards set by various testing agencies, and it is clear, from the facts in the case, that the Industrial Commission could find that claimant was totally disabled due to silicosis and that the exposure, which he had over the years while working in potteries, was the proximate cause of the disease.

The law requires the Industrial Commission to determine whether or not the exposure experienced was injurious to the individual worker whose claim it has before it for consideration. The answer of the Industrial Commission indicates that it considered the word, "injurious," to signify the cumulative effect of the total quantity of exposure to which an individaul claimant was exposed, and requires a determination that that exposure was injurious to the individual and did occur during the period of time required by law for the allowance of a claim of compensation for disability due to silicosis.

Section 4123.68 (W), Revised Code, prior to a 1959 amendment, stated:

"Silicosis means a disease of the lungs caused by breathing silica dust (silicon dioxide) producing fibrous nodules distributed through the lungs and demonstrated by X-ray examination or by autopsy."

An "injurious exposure" to silica dust would be an exposure which proximately caused silicosis or an exposure which augmented or aggravated a pre-existing silicosis.

From the evidence it would be hard to find that the employee did not have silicosis when he began his employment with the relator, as he had had many years of employment in other potteries where he was exposed to silica dust. While so employed he could not receive workmen's compensation, as under the provisions of Section 4123.68, Revised Code, compensation, on account of silicosis, is payable only in the event of total disability or death.

It is undisputed that the employee worked in potteries for approximately 55 years, and for the relator from 1933 until December 20, 1957. The claimant contended that he was constantly exposed to silica dust during the whole 55 years of his employment, but the employer contended that the exposure to free silica in their plant was not sufficient to cause silicosis. The

employer contended also that claimant was not disabled by reason of silicosis, and that his silicosis was not worse than it was when he began his employment with it. It is clear that the employee, having worked from 1933 to December 20, 1957, was not totally disabled by reason of silicosis during that time, and the silicosis referee board did find that, in its opinion, the claimant "was permanently and totally disabled due to advanced silicosis" when it examined him on October 11, 1958.

Under the provisions of Section 4123.10, Revised Code, the Industrial Commission is authorized to make an investigation in such manner as, in its judgment, is best calculated to ascertain the substantial rights of the parties, and it is not bound by the usual common-law or statutory rules of evidence. It appears that the commission considered the opinions of doctors and industrial experts in arriving at the decision that the claimant's exposure to silica dust with this employer was an injurious exposure within the meaning of the law and that compensation should be paid.

We do not feel that the Industrial Commission abused its discretion in this case in finding that the exposure, which the claimant experienced during the eight years prior to disablement, was an injurious exposure. The writ will be denied.

*Writ denied.*

DUFFEY, P. J., and BRYANT, J., concur.

DUFFEY, P. J., concurring. Petitioner's principal contention involves the interpretation of the word "injurious" as used in Section 4123.68 (W) of the Revised Code. The interpretation suggested would in effect insert the element of employer fault into occupational disease cases. Liability for compensation, as opposed to liability for violation of a safety requirement, rests upon the injurious effect upon the claimant and not upon the injurious conduct of the employer.

The extreme circumstances of this particular test case might justify criticism of the method for allocating the financial burden between successive employers. However, whether it is equitable to impose the entire burden upon the last employer is not the question before us. Deficiencies in the method of allocating costs is not a basis for defeating claimant's recovery.