MORTIMORE, Appellant,

v.

MAYFIELD, Admr., et al., Appellees.

[Cite as *Mortimore v. Mayfield* (1989), 65 Ohio App.3d 450.]

Court of Appeals of
Logan County.

No. 8–88–7.

Decided Dec. 4, 1989.

*Sellman & Boone, Timothy J. Boone* and *Dennis J. Morrison,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *James A. Barnes,* for appellee Administrator.

*Jack L. Johnson,* for appellee I–T–E–Electrical Products Division of Siemens–Allis, Inc.

---

*Per Curiam.*

This is an appeal by plaintiff, Shirley Mortimore, from a judgment of the Court of Common Pleas of Logan County, entered on plaintiff's complaint seeking to participate in the Workers' Compensation Fund, granting summary judgment in favor of defendant, Siemens–Allis, Inc., and against plaintiff, and further denying plaintiff's motion for leave to amend.

Plaintiff was employed as a spot welder and assembly line riveter from approximately March 1959 to November 1984 at the same location, but with the following employers: I–T–E Electrical Products, Bulldog Electric, I–T–E Imperial–Eastern Kodak, I–T–E Imperial Corporation, Inc., Gould, Inc., and I–T–E Electrical Products Division of Siemens–Allis, Inc.

In 1975, the plaintiff's division was transferred to the basement of the plant.

It was alleged that plaintiff "acquired an occupational disease in the course of and arising out of her employment as an assembly line riveter and spot welder, where she was exposed to a multiplicity of chemicals, including, but not limited to, toluene, ethanol, methyl ethyl ketone, ethyl acetate, acetone, methylene chloride and formaldehyde."

Between the years 1981 and 1982 the plaintiff complained of shortness of breath and chest pains.

In 1983, the plaintiff filed a claim for occupational disease with the Bureau of Workers' Compensation. On January 8, 1985, the Bureau of Workers' Compensation disallowed the plaintiff's claim. An appeal was filed on March 1, 1985, with the Dayton Regional Board. The board vacated the Bureau of

Workers' Compensation's finding and allowed the plaintiff's claim for "industrial allergic reaction to petro-chemicals."

On October 8, 1985, an appeal was filed by the defendant with the Ohio Industrial Commission. The Industrial Commission vacated the regional board's findings and reinstated the order of the Bureau of Workers' Compensation.

On November 25, 1985, the plaintiff appealed to the Court of Common Pleas of Logan County.

On November 10, 1987, the defendant filed a motion for summary judgment and on November 23, 1987, the plaintiff filed a motion for summary judgment. In addition, on November 23, 1987, the plaintiff filed a motion for leave to amend her complaint to include additional defendants.

In its March 28, 1988 judgment entry, the trial court granted the defendant's motion for summary judgment and denied the plaintiff's motion for summary judgment and motion for leave to amend the complaint.

Plaintiff appeals from the trial court's judgment, setting forth three assignments of error.

Assignment of error number one:

"The trial court erred in granting appellee's motion for summary judgment and in ruling that Ohio law does not permit recovery from the Workers' Compensation Fund for the exacerbation or aggravation of a pre-existing occupational disease."

The trial court in its March 28, 1988 judgment entry stated the following, in pertinent part:

"Upon due consideration of the evidence presented pursuant to Ohio Civil Rule 56, the Court finds that there is no genuine issue as to any material fact regarding the time period in which the Plaintiff contracted her illness. This conclusion is reached by virtue of the statements of the Plaintiff and specifically of medical experts, who both state that Plaintiff had her multiple chemical hypersensitivity in 1982; and Plaintiff's statement and the affidavit of Defendant's representative, who state that the Defendant, Siemans–Allis [sic], did not become her employer until 1983. Therefore, construing the evidence most strongly in favor of the Plaintiff, the Court finds that reasonable minds can come to but one conclusion; and that conclusion is adverse to Plaintiff. The case of State ex rel., Miller v. Mead Corp. 58 O.S.[Ohio St.] 2d 405 [12 O.O.3d 348, 390 N.E.2d 1192] (1979), considered the issue of whether a pre-existing disease, aggravated while a claimant is in the employ of an employer subject to the Workers' Compensation Act, may be the subject of compensation from the fund and concluded that since the claimant had not

'contracted' the disease within the meaning of R.C. 4123.54 and 4123.68 while he was a R.C. 4123.01(A) employee of a R.C. 4123.01(B) employer, he was not entitled to recover. Here the Plaintiff having 'contracted' the disease in 1982 before the 1983 employment by the Defendant, the same would hold true in this cause."

■ The plaintiff contends that the trial court erred by not applying the law set forth in *State, ex rel. Hall China Co., v. Indus. Comm.* (1962), 120 Ohio App. 374, 29 O.O.2d 241, 202 N.E.2d 628, affirmed (1964), 176 Ohio St. 349, 27 O.O.2d 304, 199 N.E.2d 739. In the *Hall China* case, the claimant contracted silicosis and sought to recover workers' compensation benefits from his last of several employers. The court held that an order of the Industrial Commission finding that a claimant is permanently and totally disabled due to advanced silicosis and awarding compensation is not an abuse of discretion, even though the claimant was constantly exposed to silicon dioxide during fifty-five years of employment with different employers, that the last years of employment were with employers where the amount of exposure and free silica would not have been sufficient to cause silicosis, but could have aggravated a pre-existing condition sufficiently to cause permanent and total disability, and as a result the last employer will bear the entire financial burden of the award.

The Supreme Court in *State, ex rel. Burnett, v. Indus. Comm.* (1983), 6 Ohio St.3d 266, 268, 6 OBR 332, 333, 452 N.E.2d 1341, 1342, a case dealing with an occupational disease claim for asbestosis, adopted the *Hall China* decision, stating:

" * * * That decision does not require a claimant to prove injurious exposure at the last place of employment. The court therein held that *an* injurious exposure was a prerequisite to the allowance of an occupational disease claim; and that proof of such exposure with the last employer was a sufficient basis for the award even though other employments may have contributed to the occupational disease." (Emphasis *sic.*)

We distinguish *State, ex rel. Miller, v. Mead Corp., supra,* in that the disease in that case was not "contracted" while claimant was a covered employee of a covered employer under the Ohio Workers' Compensation Act, and conclude that that decision does not control in this cause of action. Accordingly, the trial court erred in granting summary judgment for defendant based solely on the *Miller* case in light of the holdings in *Hall China, supra,* and *State, ex rel. Burnett, supra.*

Assignment of error number one is well taken.

Assignment of error number two:

"The trial court erred in denying appellant's motion for summary judgment in view of the uncontroverted evidence submitted in support thereof which indicated appellant's contraction of a compensable occupational disease defined by Section 4123.68, Ohio Revised Code, and the subsequent aggravation of that disease during the course of her employment with appellee."

Civ.R. 56(C) provides in pertinent part:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

In *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274, the Supreme Court stated:

"Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

Applying the above principles to the case at hand, we find there is conflict in the evidence and it cannot be determined as a matter of law that plaintiff contracted an occupational disease and that an aggravation of that condition took place while the plaintiff was employed with the defendant.

Dr. Alfred Johnson, a physician, testified by deposition that after receiving the plaintiff's history, conducting a physical examination, and reviewing data from diagnostic testing he found the plaintiff to be suffering from "severe multiple chemical hypersensitivity" as a result of exposure to chemicals in her workplace.

However, Dr. Abner Bagenstose, a physician, testified by deposition that after receiving the plaintiff's history, and performing a physical examination on the plaintiff he found that she was suffering from "bronchial asthma" which was not caused by chemical exposures in the workplace.

Therefore, in this situation, construing the evidence most strongly in favor of the defendant, we conclude that genuine issues of material fact exist and the trial court's overruling of the plaintiff's motion for summary judgment was not prejudicially erroneous.

Assignment of error number two is not well taken.

Assignment of error number three:

"The trial court erred in denying appellant's motion for leave to amend her complaint to add additional party defendants pursuant to Ohio Rule 15(A)."

Civ.R. 15(A) provides:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

Plaintiff filed her complaint on November 26, 1985. Approximately two years later, on November 23, 1987, three weeks prior to the date set for hearing on the defendant's motion for summary judgment, the plaintiff filed a motion for leave to amend the complaint. The trial court, in its March 28, 1988 judgment entry, denied the plaintiff's motion to amend.

In *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 269, 297 N.E.2d 113, 122, the Supreme Court stated " * * * [t]he grant or denial of leave to amend a pleading is discretionary * * *" with the trial court.

In *Hess v. K.B.I. Corp.* (Sept. 25, 1987), Hancock App. No. 5–85–28, unreported, 1987 WL 17878, this court stated:

"As amendments are to be freely granted so that cases can be decided on their merits [,] ample reasons for refusal to grant a motion to amend should be shown, and actual prejudice to an opposing party is the most important factor to be considered in the granting or withholding of leave to amend. See McCormac, Ohio Civil Rules Practice (1970), 197, Section 9.04. See, also, *Sausser Steel v. Metcalf* (Sept. 22, 1981), Hancock App. No. 5–80–33, unreported. Another factor to be considered by the trial court is the timeliness of the proposed amendment. Delay in itself should not operate to preclude an amendment. McCormac, *supra*, at 202, Section 9.07."

In this case, however, the trial court determined that this motion was filed three weeks prior to a hearing on the defendant's motion for summary judgment, and that it would not be proper "to add new parties who have not been considered before the Industrial Commission, who must reach a decision before an appeal can be perfected to grant this Court jurisdiction. * * *"

In *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126–127, 482 N.E.2d 1248, 1252, the Supreme Court stated:

" * * * We have repeatedly held that '[t]he term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Steiner v. Custer* (1940), 137 Ohio St. 448 [19 O.O. 148, 31 N.E.2d 855]; *Conner v. Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480, 162 N.E.2d 852]; *Chester Township v. Geauga Co. Budget Comm.* (1976), 48 Ohio St.2d 372 [2 O.O.3d 484, 358 N.E.2d 610].' *State v. Adams* (1980), 62 Ohio St.2d 151, 157–158 [16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149]; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219 [50 OBR 481, 482, 450 N.E.2d 1140, 1142].

" ' "[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * * " ' *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222 [15 OBR 311, 361, 473 N.E.2d 264, 313]."

We find no such attitude on the part of the trial court and find no abuse of discretion in its overruling plaintiff's motion to amend her complaint.

Assignment of error number three is not well taken.

We conclude that the trial court committed error prejudicial to the plaintiff as set forth above.

The summary judgment rendered by the trial court is reversed and the cause remanded to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

EVANS, P.J., SHAW and MILLER, JJ., concur.