BAECHEL, Appellee,

v.

SEARS, ROEBUCK AND CO. et al., Appellants.

[Cite as *Baechel v. Sears, Roebuck & Co.* (1994), 98 Ohio App.3d 365.]

Court of Appeals of Ohio,
Summit County.

No. 16692.

Decided Dec. 14, 1994.

366

*Maureen Zadel,* for appellee.

*Thomas M. Carolin,* for appellant Sears, Roebuck & Co.

*Lee Fisher,* Attorney General, and *Anita M. Ramos,* Assistant Attorney General, for appellant Industrial Commission.

QUILLIN, Presiding Judge.

Appellant, Sears, Roebuck & Company ("Sears"), appeals from the trial court's verdict awarding appellee JoAnn Baechel the right to participate in the Workers' Compensation Fund for her husband's death resulting from an occupational disease. We affirm.

Raymond Baechel was employed by Sears from 1966 until 1988. During the period between 1967 and 1984, Baechel worked at Sears's Chapel Hill store in the floor covering department as a salesperson, where he sold floor tile and linoleum, some of which contained asbestos. In 1984, Baechel was transferred to the plumbing department. In August 1987, Baechel developed chest pains and sought medical treatment. In January 1988, Cleveland Clinic doctors Edward Cordasco and James Weick performed a biopsy on Baechel's left lung, which revealed malignant mesothelioma. As a result of the doctors' findings, Baechel's left lung was removed.

Baechel filed an application for an occupational disease with the Bureau of Workers' Compensation, alleging that he had contracted mesothelioma in the course and scope of his employment with Sears. On July 14, 1988, before his claim could be processed, Baechel died. After Raymond Baechel's death, Raymond's widow, JoAnn Baechel, filed her Workers' Compensation claim for benefits under R.C. 4123.59.

A hearing officer issued an order stating that Raymond's death was a result of an occupational disease arising out of his employment and that JoAnn was a dependent spouse and therefore qualified to participate in the Workers' Compensation Fund. Sears filed an appeal from the hearing officer's order to the Industrial Commission's Canton Regional Board of Review. The regional board affirmed the hearing officer's order. Sears appealed the regional board's judgment to the Industrial Commission. The commission affirmed the regional board's judgment.

After JoAnn Baechel's application to participate in the Workers' Compensation Fund had been upheld through the administrative process, Sears filed an appeal pursuant to former R.C. 4123.519, invoking the Summit County Court of Common Pleas' appellate jurisdiction. After a jury trial, the court of common pleas entered judgment, upholding the administrative order entitling JoAnn to participate in the Workers' Compensation Fund. Sears appeals from the lower court's judgment, asserting three assignments of error.

## Assignment of Error I

"The trial court erred in excluding evidence of the decedent's prior exposure to asbestos."

Sears claims that it was error for the trial court to exclude certain answers to interrogatories made by the administrator of Raymond Baechel's estate, Edward Bayer, in connection with asbestos litigation pending in the United States Federal Court, Northern District of Ohio, Eastern Division. Through such interrogatory answers, Sears sought to introduce evidence that Raymond had been exposed to asbestos while working for a previous employer. The trial court excluded the interrogatories as inadmissible hearsay evidence.

Appellant argues that such answers to interrogatories were binding party admissions under Evid.R. 801(D)(2) and were therefore admissible as nonhearsay statements. Even assuming, without deciding, that the interrogatory answers were improperly excluded, we would be unable to find reversible error. Civ.R. 61 states:

"No error in either the admission or the exclusion of evidence * * * is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."

Through introduction of the interrogatory answers, appellant sought to establish that Raymond was exposed to asbestos while working for a previous employer. Under the Workers' Compensation Act, an occupational disease claim can be pursued if an "injurious exposure" is established at the last place of employment. *Gradwell v. A.S. Helbig Constr. Co.* (Sept. 19, 1990), Summit App. No. 14520, unreported, 1990 WL 136068, citing *State ex rel. The Hall China Co. v. Indus. Comm.* (1962), 120 Ohio App. 374, 29 O.O.2d 241, 202 N.E.2d 628. As a prerequisite to the allowance of an occupational disease claim, a claimant must demonstrate an injurious exposure in the course of his employment. *State, ex rel. Burnett v. Indus. Comm.* (1983), 6 Ohio St.3d 266, 268, 6 OBR 332, 333, 452 N.E.2d 1341, 1343. In order to demonstrate Raymond's injurious exposure, JoAnn was required to prove (1) that Raymond was exposed to asbestos in the course of his employment, and (2) that such exposure proximately caused or

aggravated Raymond's condition. *Gradwell, supra.* As discussed in conjunction with appellant's third assignment of error, we believe that the jury could find that Raymond received an injurious exposure to asbestos in the course of his employment at Sears. As such, any alleged error for failure to admit evidence of Raymond's exposure to asbestos while working for a prior employer was necessarily harmless.

Appellant's first assignment of error is overruled.

### Assignment of Error II

"The trial court erred in instructing the jury on dual causation."

Appellant next contends that it was error for the trial court to instruct the jury on dual causation. After all of the evidence was presented, the judge delivered the following instruction to the jury on proximate causation:

"Now, there may be more than one proximate cause of a result and when two causes combine or contribute to produce a result, they are both the proximate cause of that result.

"Now, you will, therefore, determine whether Raymond Baechel was exposed to asbestos while working for Sears. And if so, whether that exposure was a direct and proximate cause of his mesothelioma.

"Now, the Plaintiff is not entitled to receive benefits for any physical condition of Raymond Baechel which was caused solely or exclusively by Raymond Baechel's personal habits or nonoccupational causes.

"Thus, if you find Raymond Baechel's mesothelioma was caused solely and exclusively by atmospheric exposure, then the claimants have not established the issue of causation.

"If you find, however, that both the environment and the exposure to asbestos at Sears each contributed directly and proximately to cause mesothelioma, then the Plaintiff has established the issue of causation."

At trial, Sears objected to the court's jury instruction on dual causation, arguing that an occupational disease must be caused exclusively "in the course and scope of employment and not [by the] environment." In its appellate brief, Sears claims that the court's instruction would cause every mesothelioma claim to be compensable because it "permits the jury to find that the environment was the proximate cause of the disease, yet still find in favor of the Plaintiff because the employment at Sears was part of that environment, or because the decedent sustained a non-injurious exposure to asbestos while at Sears." We disagree.

Initially, the court's jury instruction clearly required the jury to find that Raymond's exposure to asbestos while working at Sears was injurious before an

entitlement to any benefits can be found. The court instructed the jury that as a prerequisite to compensability it was required to find that Raymond's exposure to asbestos during and in the course of his employment at Sears was a direct and proximate cause of his mesothelioma. The court further instructed the jury that if Raymond's mesothelioma was caused solely by Raymond's personal habits or by nonoccupational causes, JoAnn was not entitled to compensation under the Worker's Compensation Act.

With respect to the jury instruction on dual causation, this court has previously held that "the basic principles of proximate causation are applicable to dual causation of occupational diseases." *Norris v. Babcock & Wilcox Co.* (1988), 48 Ohio App.3d 66, 67, 548 N.E.2d 304, 305, cited with approval in *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 588, 575 N.E.2d 828, 830. Under the dual causation theory, "when two factors combine to produce damage or illness, each is a proximate cause." *Id.*

■ The trial court instructed the jury on dual causation as a result of JoAnn's evidence that Raymond was exposed to asbestos in the course of his employment at Sears and the evidence elicited by Sears at trial regarding the existence of asbestos in the general environment.

"The fundamental rule for determining the scope of the instruction to be given by the court is that it should be adapted to and embrace all issues made by the pleadings and the evidence. The instruction should be broad enough to properly cover the issues presented for consideration, or all the facts in issue which the evidence tends to establish or disprove." *Murphy*, 61 Ohio St.3d at 591, 575 N.E.2d at 832, fn. 3.

As such, we cannot say that it was error for the trial court to instruct the jury on dual causation.

Appellant's second assignment of error is overruled.

### Assignment of Error III

"The trial court erred in failing to direct a verdict in favor of Sears, Roebuck and Co."

Sears contends that it was error for the trial court to deny its motion for a directed verdict, claiming that JoAnn failed to demonstrate that Raymond had contracted a compensable occupational disease. In order to demonstrate that Raymond contracted a compensable occupational disease, JoAnn was required to present evidence that (1) Raymond contracted mesothelioma in the course of his employment at Sears, (2) Raymond's employment as a floor tile salesman with Sears resulted in exposure to asbestos distinguishable from the exposure found in general employment, and (3) Raymond's employment with Sears created a risk of

contracting the disease in a greater degree and in a different manner from the general public. (See the former version of R.C. 4123.68.)

 "[T]he trial court must submit an issue to the jury if there is evidence which, if believed, would permit reasonable minds to come to different conclusions." *TLT–Babcock, Inc. v. Serv. Bolt & Nut Co.* (1984) 16 Ohio App.3d 142, 143, 16 OBR 149, 151, 474 N.E.2d 1223, 1225. It is not a function of the trial court to consider the weight of the evidence or the credibility of witnesses when ruling on a directed verdict motion. *Id.* Accordingly, an appellate court must affirm a trial court's denial of a directed verdict motion if a plaintiff produced some evidence on every element essential to establish its cause of action. See *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469. Upon review of the record, we find substantial evidence which tends to prove every essential element of JoAnn's claim. Accordingly, we overrule appellant's third assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Cook and Dickinson, JJ., concur.