JOURNAL ENTRY AND OPINION
Plaintiff-appellant Elizabeth R. Serrano appeals from a summary judgment entered in favor of defendants-appellees McCormack Baron Management Inc. (McCormack) and Lexington Village Associates (Lexington) arising out of injuries sustained by plaintiff when she slipped and fell on ice and snow at defendants' apartment complex. Plaintiff contends that genuine issues of material fact precluded the summary disposition of her claims. We find no error and affirm.
In 1996, plaintiff Elizabeth R. Serrano moved into the Lexington Village Town Houses which is owned and operated by defendant McCormack. At all relevant times, McCormack had contracted with Phillip Q. Hatcher 
Associates (Hatcher), an independent contractor, to plow and remove snow from its parking lot.
On January 2, 1999, a winter storm caused a heavy amount of ice and snow to fall in the area. Early the next morning on January 3, 1999, McCormack's maintenance workers began removing the ice and snow from the common areas of the apartment complex. Later, at approximately noon, plaintiff left her apartment to drive her daughter to work. As she reached the stairwell, she observed Anthony Bolden, one of McCormack's maintenance workers, scraping ice from the stairwell. Mr. Bolden warned her that the conditions were very dangerous and urged her to be careful. He also told her that the path to the parking lot was not yet clear.
Plaintiff then proceeded to the parking lot where she found that the snow from the parking lot had been plowed creating a snow pile between the apartment complex and the parking lot. Plaintiff then attempted to climb over the snow pile and after two steps, she slipped and fell. As a result of the fall, plaintiff suffered a broken leg and ankle.
On June 29, 1999, plaintiff filed the within action against McCormack and Lexington alleging that she fell on an unnatural accumulation of ice and snow caused by the negligent control and maintenance of Defendants. She further alleged that defendants knew or should have known that the winter weather conditions created a hazard and that they negligently allowed this dangerous condition to remain.
On February 28, 2000, defendants filed their motion for summary judgment asserting that ice and snow are part of wintertime life in Ohio and that this dangerous condition could not have been prevented or corrected. Defendants also asserted that plaintiff had a duty to provide expert testimony to support her claim of negligent snow removal and that she failed to produce such testimony.
On March 14, 2000, plaintiff filed a motion for leave to amend complaint seeking to add Hatcher as a party defendant. On March 16, 2000, defendants filed their opposition to this motion asserting that the proposed amended complaint added claims against McCormack and Lexington which were not raised in plaintiff's original complaint.
On March 21, 2000, plaintiff filed a motion for a rule 56(F) extension of time to respond to dispositive motion and defendants opposed this motion the following day. Subsequently, on March 29, 2000, plaintiff's preliminary response to defendants' motion for summary judgment was filed.
On April 5, 2000, the trial court granted defendants' motion for summary judgment and denied plaintiff's motion for leave as moot. The trial court also denied plaintiff's motion for an extension of time.
This timely appeal follows.
We will address plaintiff's assignments of error in the order asserted and together where it is appropriate for discussion.
 I. THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF-APPELLANT'S CIVIL RULE 56(F) MOTION FOR ADDITIONAL TIME TO RESPOND TO SUMMARY JUDGMENT.
In her first assignment of error, plaintiff asserts that the trial court's discretion in awarding additional time should be exercised liberally, and therefore, the trial court erred in failing to grant her request for an extension. We disagree.
Civ.R. 56(F) provides:
 Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
Pursuant to Civ.R. 56(F), the trial court has discretion when considering a motion for a continuance and an appellate court will not reverse the trial court decision under this rule absent an abuse of discretion. Miller v. Ohio Dept. of Commerce (Aug. 19, 1993), Cuyahoga App. No. 62917, unreported, citing Aglinsky v. Cleveland Builders Supply Co. (1990), 68 Ohio App.3d 810, 819. The term abuse of discretion connotes more than an error of judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Plaintiff correctly asserts that the trial court's discretion with respect to a Civ.R. 56(F) motion should be exercised liberally in favor of a party who proposes a reasonable period of time to obtain discovery necessary to oppose the motion for summary judgment. Whiteleather v. Yosowitz (1983), 10 Ohio App.3d 272, 276. However, the party seeking additional time to respond to the motion for summary judgment must present sufficient reasons that would justify the requested continuance. [T]he burden is upon the party seeking to defer the court's action on a motion for summary judgment to demonstrate that a continuance is warranted." Glimcher v. Reinhorn (1991), 68 Ohio App.3d 131, 138.
This Court similarly stated:
 Civ.R. 56(F) requires the opposing party to submit affidavits with sufficient reasons stating why it cannot present by affidavit facts sufficient to justify its opposition.
 Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and the reasons given why it cannot present facts essential to its opposition of the motion.
Schuerger v. Wehner (June 25, 1998), Cuyahoga App. No. 72477, unreported, citing Gates Mills Investment Co. v. Village of Pepper Pike (1978), 59 Ohio App.2d 155.
The record reflects that on March 21, 2000, plaintiff filed her motion for a Rule 56(F) extension of time to respond to dispositive motion with an accompanying affidavit from Jeffrey A. Lilly, plaintiff's counsel. In his affidavit, Mr. Lilly failed to present any reason to justify the requested continuance. He merely states that he joined the firm on March 1, 2000 and that he had begun investigating the conduct of the Defendants, the weather conditions on the date in question and questioning witnesses. Because the affidavit failed to advance any explanation for plaintiff's failure to obtain the necessary discovery to timely respond to defendants' motion for summary judgment, the trial court properly denied her request for a Civ.R. 56(F) continuance.
Assignment of Error I is overruled.
 II. THE TRIAL COURT ERRED IN FAILING TO ALLOW PLAINTIFF-APPELLANT TO FILE AN AMENDED COMPLAINT, WHICH WAS SUPPORTED BY NEW DISCOVERY.
In her second assignment of error, plaintiff asserts that it was reversible error for the trial court to deny her leave to amend her complaint because she did not discover the snow removal duties of Hatcher until March 10, 2000 and Hatcher is a necessary party to this action. We disagree.
The amendment of pleadings is governed by Civ.R. 15(A), which provides:
 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party.
 Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.
Civ.R. 15(A) provides that a party may amend its pleading by leave of court and that such leave "shall be freely granted when justice so requires." However, while the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. Hoover v. Sumlin (1984), 12 Ohio St.3d 1, paragraph two of the syllabus.
In Doe v. Flair Corp. (1998), 129 Ohio App.3d 739, 749, this Court stated:
 It is well established that the decision to grant or deny a motion for leave to file an amended complaint is well within the sound discretion of the trial court and such decision will not be disturbed on appeal absent an abuse of that discretion.
 Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 573 N.E.2d 622; Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 269-270, 297 N.E.2d 113, 121-122. The term "abuse of discretion" connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Mortimore v. Mayfield (1989), 65 Ohio App.3d 450, 584 N.E.2d 770.
In the instant case, the record reflects that the trial court did not abuse its discretion in denying plaintiff's motion for leave to file an amended complaint. Plaintiff filed her original complaint on June 29, 1999. On December 3, 1999, the trial court ordered that all dispositive motions were to be filed by February 29, 2000, all discovery was to be completed by February 29, 2000, the final pretrial would be held on April 5, 2000 and that the case would be tried on April 12, 2000. Thereafter, on March 14, 2000, plaintiff filed her motion for leave to amend complaint and on April 5, 2000, the trial court granted defendants' motion for summary judgment and denied plaintiff's motion for leave as moot.
We find that the trial court did not abuse its discretion in denying plaintiff leave to file her amended complaint. Even though the discovery deadline of February 29, 2000 was set by the trial court, plaintiff did not obtain the deposition of Salena Butler, an employee of McCormack, until March 10, 2000. Plaintiff claims that this deposition revealed for the first time Hatcher's possible involvement in her injuries. Four days later, plaintiff filed her motion for leave to amend her complaint which was within a month of the scheduled trial date.
It is clear from this record that plaintiff could have, and should have, taken the depositions of all relevant witnesses long before the trial court's discovery deadline. In fact, she was fully aware of the deadline on December 3, 1999, yet still failed to timely conduct this discovery. Given the advanced stage of these proceedings, we cannot say that the trial court's denial of plaintiff's motion for leave to file an amended complaint was unreasonable, arbitrary or unconscionable.
Assignment of Error II is overruled.
 III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT BECAUSE IT DID NOT MEET THE REQUIRED BURDEN.
 IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE THE PLAINTIFF-APPELLANT'S RESPONSE CREATED ISSUES OF MATERIAL FACT.
In her third and fourth assignments of error, plaintiff asserts that genuine issues of material fact exist, and therefore, summary judgment was improperly granted in this case. We disagree.
Appellate review of summary judgments is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test in Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383,385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
In Moore v. Lupica Towers (Nov. 13, 1997), Cuyahoga App. No. 71551, unreported, this Court set forth a landlord's liability when a tenant is injured on an accumulation of ice and snow on the landlord's property. In Moore, we stated:
 Under Ohio law, ice and snow are a natural part of wintertime in Ohio as is the freezing and refreezing of ice and snow.
 Lopatkovitch v. City of Tiffin (1986), 28 Ohio St.3d 204, 206-207, 503 N.E.2d 154. The reluctance to impose liability on property owners for slip and fall cases resulting from natural accumulations of snow and ice was spelled out in Brinkman v. Ross (1993), 68 Ohio St.3d 82, 85, 623 N.E.2d 1175, as follows:
 Living in Ohio during the winter has its inherent dangers. Recognizing this, we have previously rejected the notion that a landowner owes a duty to the general public to remove natural accumulations of ice and snow from public sidewalks which abut the landowner's premises, even where a city ordinance requires the landowner to keep the sidewalks free of ice and snow. See Lopatkovich v. Tiffin (1986), 28 Ohio St.3d 204, 206-207, 28 OBR 290, 292-293, 503 N.E.2d 154, 156-157. It is unfortunate that Carol Brinkman slipped and fell on appellants' sidewalk. Perhaps appellants should have shoveled and salted the sidewalk as a matter of courtesy to their guests. However, we find that Ohio law imposed no such obligation upon appellants, and we are unwilling to extend homeowner liability to cover slip-and-fall occurrences caused entirely by natural accumulations of ice and snow. To hold otherwise would subject Ohio homeowners to the perpetual threat of (seasonal) civil liability any time a visitor sets foot on the premises, whether the visitor is a friend, a door-to-door salesman or politician, or even the local `welcome wagon.'"
We find that defendants owed no duty to plaintiff to remove natural accumulations of ice and/or snow in the parking lot of Lexington Village on January 3, 1999. It is clear from the record that the day before plaintiff's fall, a severe winter storm began which produced a significant amount of ice and snow. In LaCourse v. Fleitz (1986), 28 Ohio St.3d 209,210, 211, the Ohio Supreme Court noted that a landlord does not have a duty to clear natural accumulations of ice and/or snow from common areas of the leased premises unless it is shown that the landlord had "superior knowledge of the particular danger which caused the injury." The Court reasoned that said accumulations are "obvious and apparent" so that a landlord may reasonably expect that a tenant will take measures to protect himself or herself against them. Id. at 210, quoting DeAmiches v. Popczun (1973), 35 Ohio St.2d 180, 299 N.E.2d 265; see, also, Karcher v. Zeisler-Morgan Properties Ltd. (Dec. 26, 1996), Cuyahoga App. No. 70199, unreported at 6 (condition of "black ice" presented open and obvious condition to pedestrian in parking lot warranting summary judgment in favor of landowner); Yanda v. Consolidated Mgmt., Inc. (Aug. 16, 1990), Cuyahoga App. No. 57268, unreported (tenant's "knowledge of slippery condition * * * was not inferior" to landlord's).
In the instant case, plaintiff admitted that she knew there was snow on the ground that day and that when walking on ice and snow in the winter in Northern Ohio, one must walk slowly or risk slipping on the ice and snow. Plaintiff further admitted that a maintenance employee warned her to be careful and that there was no safe pathway to the parking lot due to the accumulation of snow. However, despite this knowledge and the warnings, plaintiff proceeded to walk across the snow to the parking lot where she fell.
Based on these facts, even construing this evidence in a light most favorable to plaintiff, no reasonable factfinder could find that defendants' knowledge of the danger was superior to plaintiff's. We find that no genuine issue of material fact existed and defendants were entitled to judgment as a matter of law. Thus, the trial court properly awarded summary judgment to defendants.
Assignment of Error III and IV are overruled.
 V. THE TRIAL COURT ERRED IN REQUIRING PLAINTIFF- APPELLANT TO OBTAIN AN EXPERT REPORT REGARDING SNOW REMOVAL.
In her final assignment of error, plaintiff asserts that it would have been reversible error to grant summary judgment based on plaintiff's failure to produce expert testimony to establish negligent snow removal. However, the trial court did not specify its reasons for granting summary judgment. Plaintiff merely assumes that the basis for this order was her failure to produce expert testimony.
Defendants claim that this Court has repeatedly addressed negligent snow plowing claims and held that the techniques for removing snow and ice from large commercial parking lots are matters which require the introduction of expert testimony. In support of this claim, defendants rely on Bowins v. Euclid General Hosp. Assoc. (1984), 20 Ohio App.3d 29; Garson v. Fast Food Operations, Inc. (July 29, 1993), Cuyahoga App. No. 64923; Madvid v. City of South Euclid (Mar. 10, 1994), Cuyahoga App. No. 64767, unreported; and Hoenigman v. McDonald's Corp. (Jan. 11, 1990), Cuyahoga App. No. 56010, unreported. Plaintiff, on the other hand, claims that these cases apply only to large commercial parking lots and that the lot in which she fell was not a large commercial lot, thereby negating the requirement of expert testimony.
Considering our previous finding that no genuine issues of material fact exist, we need not address whether the trial court awarded summary judgment based on plaintiff's failure to produce expert testimony. Regardless of whether or not expert testimony is required to establish a claim for negligent snow removal, we find that summary judgment was appropriately awarded to defendants in this case.
Assignment of Error V is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.