DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, David Birchfield, appeals from an order of the Wayne County Court of Common Pleas, which granted summary judgment to Rubbermaid, Inc. ("Rubbermaid"). We affirm.
 I. {¶ 2} This case involves a claim for workers' compensation due to an occupational disease within the meaning of R.C.4123.68. From 1988 until 1997, Mr. Birchfield worked as a plastics blow mold technician at Rubbermaid. Then, from 1997 until 1999, he held a similar position at Little Tikes, Inc. ("Little Tikes"). Notably, Rubbermaid and Little Tikes engaged in the same industrial process, using the same type of equipment, materials and chemicals.
 {¶ 3} In 1998, following a debilitating exposure, Mr. Birchfield filed a workers' compensation claim. The Industrial Commission of Ohio heard and disallowed his claim, heard an appeal and affirmed the denial, and then refused further appeals. Pursuant to R.C. 4123.512, Mr. Birchfield brought his claim to the Wayne County Court of Common Pleas by filing a complaint which named Rubbermaid as a defendant. Rubbermaid denied the allegations in its answer and filed a motion for summary judgment, which was ultimately granted.
 {¶ 4} For the purpose of the summary judgment motion, it is uncontested that Mr. Birchfield contracted occupational asthma during his employment at Rubbermaid, during which time he became sensitized to plastic fumes, vapors, mists or dusts. In deposition testimony, Mr. Birchfield attributed his condition to plastic dusts getting in his face when he would blow the filters clean with a high-pressure air hose. This asthma persisted from 1994 through the time he quit Rubbermaid in 1997, up to the present.
 {¶ 5} A subsequent exposure occurred at Little Tikes in 1998. According to Mr. Birchfield's own deposition testimony, plastic dusts and "fines" were blown into his face with a high pressure air hose. This caused the onset of an asthma attack that necessitated immediate medical care and prevented his return to work for over one year. The cause and effect of this exposure is further documented in incident reports and disability claims completed at that time. Similarly, Mr. Birchfield's medical expert characterized the Little Tikes incident as an exposure that exacerbated or aggravated the asthmatic condition. The occurrence, similarity and severity of the 1998 exposure are not reasonably open to dispute.
 {¶ 6} The trial court granted summary judgment to Rubbermaid on the basis that Little Tikes is the potentially liable party under Ohio law. The trial court concluded that there was "no just reason for delay," certifying the order for appeal pursuant to Civ.R. 54(B).
 {¶ 7} Mr. Birchfield timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"The trial court erred as a matter of law in granting summary judgment in favor of appellee [Rubbermaid.]"
 {¶ 8} In his sole assignment of error, Mr. Birchfield argues that the trial court improperly granted summary judgment to Rubbermaid because a genuine issue of material fact remains, namely whether the 1998 exposure at Little Tikes sufficiently aggravated his preexisting occupational asthma so as to meet the definition of an injurious exposure. We disagree.
 {¶ 9} Appellate courts review summary judgment orders de novo, applying the same standard used by the trial court.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the nonmoving party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 11} Once the moving party's burden has been satisfied, the burden shifts to the non-moving party, as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Henkle v. Henkle
(1991), 75 Ohio App.3d 732, 735.
 {¶ 12} In this case, Mr. Birchfield contracted occupational asthma at Rubbermaid. He thereafter suffered a similar exposure at Little Tikes, and this subsequent exposure caused sufficient injury or aggravation that he could not work for over a year. The trial court concluded that Little Tikes supersedes Rubbermaid as the potentially liable party under the "Last Injurious Exposure" rule:
"`[W]here an employee is disabled or suffers death from an occupational disease within the scope of the applicable statute and allegedly attributable to successive employments, the only employer liable will be the last employer who has exposed the employee to the hazard of the disease in the course of employment prior to the date marking the onset of eligibility for compensation.'" Hamar v. First Natl. Supermarkets, Inc. (Mar. 25, 1987), 9th Dist. No. 12793, quoting Annotation (1984), 34 A.L.R. 4th 958, 969. See State ex rel. Burnett v. Indus. Comm.
(1983), 6 Ohio St.3d 266, 267.
For purposes of this rule, an "injurious exposure" is defined as an exposure that either: 1) proximately causes the occupational disease, or 2) augments or aggravates a preexisting occupational disease. Hamar, supra, citing State ex rel. HallChina Co. v. Indus. Comm. (1962), 120 Ohio App. 374, 377. Under this second possibility, an aggravation may be defined as "evidence of worsened symptoms even though objective medical testing does not otherwise indicate a worsening condition."Gower v. Conrad (2001), 146 Ohio App.3d 200, 204.
 {¶ 13} The record testimony by both Mr. Birchfield and his medical expert designates the exposure at Little Tikes as instigating his subsequent problems and so seriously worsening his symptoms that he could not return to work for over one year. Under the above definitions, this is an aggravation that constitutes an "injurious exposure." See Hamar, supra. Therefore, the prevailing law of Last Injurious Exposure dictates that Little Tikes supersedes Rubbermaid as the "last employer who has exposed the employee to the hazard," and "the only employer liable." Id. Thus, this Court concludes that the trial court did not err in granting summary judgment in favor of Rubbermaid. Accordingly, Mr. Birchfield's sole assignment of error is overruled.
 III. {¶ 14} Mr. Birchfield's sole assignment of error is overruled. The order of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Whitmore, J., concur.